**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSIE JARMON, : | |
| 208 West 64th Avenue : | |
| Philadelphia, PA 19126 : | |
| : | JURY DEMANDED |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. |
| PHILADELPHIA HOUSING : | |
| DEVELOPMENT CORPORATION : | |
| 1234 SEPTA Market-Frankford Line # 17 : | |
| Philadelphia, PA 19107 : | |
| : | |

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Susie Jarmon (hereinafter "Plaintiff" or "Jarmon"), is an adult individual residing at the above address.

2. Defendant, Philadelphia Housing Development Corporation ("Defendant") is a corporation that does business in the Eastern District of Pennsylvania, with a principle place of business at the above address.

3. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this lawsuit arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because the Defendant conducts substantial business in this District, and the events giving rise to the lawsuit occurred here.

**II. Operative Facts.**

5. In 2017, Plaintiff went to a "drop program" that would allow her to retire within 4 years.

6. In 2019, Defendant sent Plaintiff a memo advising her to go on FMLA due to her usage of sick time; upon information and belief Defendant did not advise younger employees to go on FMLA in order to use sick time.

7. Plaintiff then went on FMLA at the start of 2019. Her physical condition was impacted by work-related stress to the degree that her hair began to fall out, according to her physician. Accordingly, Plaintiff was disabled.

8. During the FMLA period which lasted over a year, Plaintiff's workload increased as her colleagues were dismissed, adding to her already elevated stress levels.

9. In March 2020, due to the Covid-19 pandemic, Plaintiff began to work remotely along with other employees.

10. Defendant began blocking Plaintiff's access to her work laptop, making it nearly impossible for her to fulfil her work duties upon information and belief Defendant did not make it harder for younger, non-disabled, employees to work. Despite Plaintiff's requests, Defendant failed to rectify the issue.

11. Defendant allegedly contacted Plaintiff to renew her FMLA forms. However, Plaintiff did not receive any such communication.

12. With only six months left before she could retire with full benefits, it became clear to Plaintiff that she was being constructively discharged.

13. Defendants were aware of the Plaintiff's age, well above 55 years, perceived her as disabled, and strategically tried to deny her full retirement benefits under ERISA and FMLA.

14. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## (42 U.S.C.A. § 12101 et seq)

15. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

16. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

17. Plaintiff was qualified to take FMLA leave as she had been employed by Defendant for at least 12 months, and had at least 1,250 hours of service during the previous 12-month period.

18. Plaintiff had a "serious health condition" that required "continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

19. At all times Defendant knew, or should have known, of Plaintiff need for FMLA leave for her medical condition.

20. As described above, Defendant interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

21. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, and loss of back pay, and Wolfe has also

sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

22. As a result of the conduct of Defendant, Plaintiff hereby demands liquidated damages.

23. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorney's fees and court costs.

## COUNT II
## ADEA CLAIM - DISCRIMINATION
### (29 U.S.C. § 621 et seq.)

24. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

25. At set forth above, Plaintiff's status as a female over the age of forty (40) places her in a protected class.

26. Defendant took adverse action against Plaintiff by terminating her employment.

27. Plaintiff's membership in a protected class was the sole factor in Defendant's decision to terminate Plaintiff's employment.

28. As such, Defendant's decision to terminate Plaintiff's employment is an action prohibited by the Age Discrimination in Employment Act. 29 U.S.C.A. § 623(a)(1).

29. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

30. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

31. Pursuant to the ADEA, 29 U.S.C. § 621, et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT III
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

32. Plaintiffs incorporate the preceding paragraphs as if fully set forth at length herein.

33. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

34. Plaintiffs are qualified employees and persons within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

35. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

36. At all times material hereto, Plaintiffs had qualified disabilities, as described above.

37. Plaintiffs' stress and related illness substantially limited one or more of their major life activities, including, caring for themselves, eating, sleeping, standing, lifting, bending, concentrating, thinking and working.

38. Defendant's conduct constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

39. Defendant failed to engage in an interactive discussion of Plaintiffs disabilities and failed to reasonably accommodate their disabilities.

40. As a proximate result of Defendant's conduct, Plaintiffs sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiffs have also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

41. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

42. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiffs demand attorneys' fees and court costs.

## COUNT IV
## VIOLATION OF EMPLOYEE RETIREMENT INCOME SECURITY ACT

43. Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs.

44. Defendants intentionally hindered Plaintiff's ability to obtain full retirement benefits under ERISA, 29 U.S.C. § 1001 et seq., by forcing her out early.

## COUNT V
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS
## DISABILITY DISCRIMINATION
## (43 P.S. § 951, et seq.)

45. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

46. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

47. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

48. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

49. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

50. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

51. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

52. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**WHEREFORE,** Plaintiff, Susie Jarmon, demands judgment in her favor and against , Philadelphia Housing Development Corporation, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:  _/s/ Briana Lynn Pearson, Esquire_
BRIANA LYNN PEARSON, ESQUIRE
(P.A. ID 327007)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 215-944-6113
Telefax: 215-627-9426
Email: brianap@ericshore.com
*Attorney for Plaintiff, Susie Jarmon*

Date: September 22, 2023